**TURNER v. GOSSETT.**

No. 12649.

Court of Civil Appeals of Texas.

San Antonio.

May 5, 1954.

Elbert R. Jandt, Seguin, for appellant.

Joseph B. Dibrell, Seguin, Henry S. Paulus, Yoakum, C. Henry Donegan, Jr., C. Leroy Short, Seguin, for appellee.

## W. O. MURRAY, Chief Justice.

This suit was instituted by W. W. Gossett against R. L. Turner, seeking to recover the sum of $4,097.99, which plaintiff alleged arose out of numerous transactions. Some of the money is alleged to have been due plaintiff because he advanced the same to defendant, some to have been due him under a contract whereby defendant agreed to pay to plaintiff the sum of 5% on all drilling contracts which plaintiff secured, and the balance is claimed to have been due the plaintiff on a contract wherein plaintiff engaged in the transportation business and did certain hauling and work with his truck. Plaintiff claimed the major portion of his cause of action to be due on account of the use of his truck. A sworn account was attached as an exhibit to plaintiff's petition.

Defendant under oath generally denied each item of the account and sued the plaintiff in a cross-action for conversion of one oil field float and equipment located thereon, and for some $8,333.33, which defendant alleged he advanced in behalf of the plaintiff and which plaintiff had never repaid. The defendant further alleged as a defense to the greater portion of the account for hauling, that the same arose as a result of an illegal contract, and that both parties knew of the illegality at the time they entered into the contract and were therefore in pari delicto, and that as to these items the court should leave the parties where it finds them.

The trial court submitted all of the items contained in plaintiff's pleadings to the jury, and also the matters contained in the cross-action, without regard to the illegality of the transactions, and upon a jury verdict

rendered judgment in favor of plaintiff for $3,820.29, from which judgment R. L. Turner has prosecuted this appeal.

Appellant's first contention is that appellee had violated Article 911b of Vernon's Annotated Civil Statutes, by hauling appellant's oil well drilling equipment over the highways of the State of Texas, between two incorporated cities, when both parties, at the time the contract was made and the various items charged, knew that appellee did not have a permit of convenience and necessity from the Railroad Commissioner of Texas to engage in the transportation business. Attached to appellee's original petition is his sworn account, and in this account is set out, item by item, the many claims which he is making against the appellant. Many of these items are for what may be termed hauling oil field equipment from one place to another—sometimes referred to as moving equipment, sometimes as hauling equipment, and sometimes as picking up the equipment. From reading this account you can arrive at no other conclusion than that appellee was charging for transporting certain equipment. It is undenied that appellee had no certificate of convenience and necessity from the Railroad Commissioner, as provided for by Article 911b, supra. After appellee had testified to the correctness of all items contained in the sworn account, he was recalled to the witness stand and testified that, as a matter of fact, he had only leased his truck to appellant at the rate of $4 an hour, and that these items were for the lease of his truck. It is clear that a person may not haul equipment for another over the highways of this State without first obtaining a certificate of convenience and necessity from the Railroad Commissioner, as is provided for in Article 911b, supra.

There was nothing in the pleadings at the time this cause went to trial which would have put the appellant on notice that appellee was claiming that he had merely leased his truck to appellant and had not in fact hauled material for him. Under such circumstances appellee was bound by his

pleadings, which showed on their face that he had violated the law in hauling material for another over the highways of this State without first having secured a certificate of convenience and necessity, and is not now in a position to enforce payment for such hauling in a court of law, and the court will leave the parties where it finds them and refuse to enforce an illegal contract.

■ If appellee had plead that he only leased his truck to appellant, then the question would have arisen, whether or not this lease contract was merely a subterfuge to avoid the necessity of complying with the law. But this was not plead, and the burden was not upon appellant to challenge such arrangement as a subterfuge, and appellee was not entitled to prove on the trial something that he had not alleged and something that was contrary to the allegations of his petition. Reavley v. State, 124 Tex.Cr.R. 528, 63 S.W.2d 709; New Way Lumber Company v. Smith, 128 Tex. 173, 96 S.W.2d 282.

It is immaterial that appellee may have shown that he leased his truck to appellant and that therefore he did not violate the law by hauling equipment for another—he did not so allege in his petition and was not entitled to resort to this kind of proof on the trial, in the face of his allegations and over the objection of appellant.

■ Appellant next complains that the attorney for appellee did not fully open the case in his opening argument. The trial judge in his qualification of the bill of exceptions on this point said that in his opinion the attorney did make a full opening argument, and we must accept this qualification as true, and accordingly this point is overruled.

■ One of appellee's attorneys in making the opening argument to the jury stated in effect, that if his client had agreed to pay to appellant the sum of $8,333.33, or any part thereof, in the office of Sam Levy, that appellant would surely have brought Sam Levy into the courtroom to tell the jury about it. Sam Levy was an attorney located in Houston, Texas, and was not under the jurisdiction of the court in Guadalupe County at the time this argument was made. In approving appellant's bill on this point the trial court made the following qualification of the bill, to-wit:

"The evidence, in my judgment, justified the attorney Mr. Dibrell in drawing the conclusion that Mr. Levy was present and probably was employed at said time by the defendant, Turner. The agreement testified to by defendant to have been made in Levy's office was not in any way plead in his answers, and so far as the record is concerned the first the Plaintiff had heard of same was upon the trial of the cause when defendant mentioned it in giving his testimony."

We must accept this qualification, and under such circumstances no reversible error was shown. Aultman v. Dallas Railway & Terminal Co., Tex., 260 S.W.2d 596.

Appellant next complains because Henry Paulus, Esq., one of the attorneys for appellee, in making the closing argument to the jury, criticized appellant for not producing the operator of the Highway Garage as a witness, and stated in effect that if W. W. Gossett was not telling the truth when he stated that he had paid to the Highway Garage of Seguin, the sum of $178 on behalf of R. L. Turner, that the appellant would have brought to the court as a witness the operator of the Highway Garage to disapprove the statement of W. W. Gossett. There was nothing to show that the operator of the Highway Garage was any more accessible as a witness to appellant than he was to appellee, and therefore it was improper for counsel for appellee to make the argument. However, Gossett had testified that he had paid this sum for Turner at the Highway Garage and Turner had not denied the fact, but only stated that he had never heard of it until the suit was filed.

 The rule as to improper argument is now declared by the Supreme Court to be as follows:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Aultman v. Dallas Ry. & Terminal Company, Tex., 260 S.W.2d 596, 599.

 This Court cannot say that the argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Therefore, the making of the argument does not constitute reversible error.

 Appellant next complains because the witness Sam Harper was permitted to testify that $8,333.33, alleged to have been borrowed by Gossett, was in fact borrowed by the T. H. & G. Oil Company, over appellant's objection that the minutes of the corporation would be the best evidence of such fact. The minutes of the corporation were shown to be loosely kept and all of the transactions of the corporation were not recorded in the minutes. Appellant had the minutes of the corporation in his possession and cross-examined the witness with reference to such minutes, and under such circumstances the court did not err in permitting the witness to testify that the $8,333.33 was loaned to the corporation and not to Gossett.

We have examined the other points presented by appellant and find them to be without merit, and they are accordingly overruled.

When all items are removed from appellee's account which involve hauling, there remains the total sum of $535.29, and when this is added to the other items which the jury has determined appellee is entitled to recover we have $1,469.99, from which sum appellant is entitled to deduct the $75 found by the jury to be due him, thus leaving a balance of $1,394.99.

The judgment of the trial court will be reformed so as to decree a recovery on the part of W. W. Gossett from R. L. Turner in the total sum of $1,394.99, together with interest at the rate of 6% per annum from May 25, 1953, until paid, and as thus amended the judgment is affirmed, appellee to pay the costs of this appeal.

Reformed and affirmed.