499 P.2d 115

'BEST–WAY TRANSPORTATION, an Arizona corporation, Appellant,

v.

'THUNDERBIRD FREIGHT LINES, INC., et al., Appellees.

No. 1 CA–CIV 1623.

Court of Appeals of Arizona,
Division 1,
Department A.

July 6, 1972.

Rehearing Denied Oct. 26, 1972.

Review. Denied Dec. 5, 1972.

**538**

Yankee & Bernstein by A. Michael Bernstein, Phoenix, for appellant.

Evans, Kitchel & Jenckes by Earl H. Carroll, Phoenix, for appellees Thunderbird Freight Lines, Inc., et al.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for Arizona Corporation Commission.

DONOFRIO, Judge.

This is an appeal by Best-Way Transportation, a corporation, from a judgment entered by the Superior Court on November 24, 1970 in favor of Thunderbird Freight Lines, Inc. and other truck lines involving the affirmance of Decision No. 40000 of the Arizona Corporation Commission.

This opinion relates to two Maricopa County Superior Court actions which were consolidated for trial and later for appeal to this Court. The result of the judgment in the Superior Court was that the appellant (herein called Best-Way) was precluded from serving the public as an intrastate carrier between Yuma and Phoenix and between Phoenix and Ehrenberg by a determination that the certificates of convenience and necessity held by Best-Way did not authorize transportation between the aforementioned points.

The sole question we are asked to decide is whether there was substantial evidence on the record for the trial court to affirm Decision No. 40000 of the Arizona Corporation Commission.

As required by law, the Superior Court action was a trial de novo (Corporation Comm. v. Southern Pac. Co., 55 Ariz. 173, 99 P.2d 702 (1940); Corporation Comm. v. Peoples Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420 (1932)) in which the court, pursuant to Rule 52, Rules of Civil Procedure, 16 A.R.S., made findings of fact and conclusions of law. After reviewing the evidence, we have determined that the evidence does reasonably support the findings of fact, and that pursuant to the often stated law they are binding upon this Court. See Park Central Development Co. v. Roberts Dry Goods, Inc., 11 Ariz. App. 58, 461 P.2d 702 (1969); Ashley v. Kramer, 8 Ariz.App. 27, 442 P.2d 564 (1964).

The facts deemed necessary for determination of this appeal may be gleaned from the trial court's findings as follows:

"On November 15, 1967 and December 7, 1967, plaintiffs filed verified Complaints with the Commission requesting therein that Best-Way Transportation, hereinafter referred to as Best-Way, be required to answer said Complaints and show cause, amongst other things, why certain operations conducted by Best-Way between Phoenix, Yuma and Ehrenberg should not be determined to be unlawful and ordered to cease. Said Complaints and Order to Show Cause were duly served upon Best-Way and thereafter hearings were held before the Commission in March and April, 1968, after which the matter was taken under advisement.

\*　\*　\*　\*　\*　\*

"That Best-Way is not authorized to transport freight between Phoenix and Yuma, Arizona under the following authorities set forth in Commission Docket 1347–A–485, Certificate No. 3759:

'Freight over the public highways designated as those South of U.S. Highways 60–70–80 and 89, passing through and serving South Central Avenue, Southern Avenue, Base Line Road, and Chandler Road, with no service from or to Phoenix, Tempe and Mesa.'

"That the operating authority set forth in Finding No. 6 hereof only authorizes

service to certain intermediate points between Chandler, Arizona and Phoenix, Arizona, to-wit: those points between Phoenix and Chandler, south of U.S. Highways 60–70–80 and 89, with the route to be passing through and serving South Central Avenue, Southern Avenue, Base Line Road and Chandler Road, with a further restriction that no service is authorized from or to Phoenix, Tempe and Mesa.

"That Best-Way Transportation is not authorized to provide a through service for freight between points in Arizona and Ehrenberg, Arizona (including Cibola and vicinity).

"That Best-Way has engaged in the transportation of freight in a through line haul service between Phoenix and Ehrenberg, Arizona and Yuma, Arizona, and such service has not been provided by operating through Signal, Alamo or Cibola, Arizona."

Best-Way contended that the service between Ehrenberg and Phoenix was permissible and lawful as a result of "tacking" the following certificates which Best-Way possessed:

"Certificate No. 3759(4) 'freight and general commodities between Phoenix and Alamo, Arizona, and within a 25 mile radius of Alamo. No service between Phoenix and Congress Junction, Arizona, but serving the intermediate points between Alamo and the Junction of State Highways 71 and 93. Route to be over U.S. Highway 89 from Wickenburg to Congress Junction, thence over Highway 71 to the junction of Highway 93, thence north on Highway 93 to undesignated county highways, thence over undesignated county highways to Alamo and a 25 mile radius thereof.'

"Certificate No. 3123(6) 'Ranch & mining supplies, well drilling equipment, supplies and commodities in general between Signal and Aguila & within 25 miles of Signal and Aguila serving Cibola & vicinity, serving the intermediate points between Aguila and the junction of

State Highway Nos. 71 & 93. Stipulation: On item 6 no movements of ores, ore concentrates or machinery requiring the use of special equipment.'"

Best-Way contends that Certificate numbers 3759(4) and 3123(6) can be tacked together or combined, thereby authority to ship between Phoenix and Ehrenberg is tacitly legal. We do recognize that tacking is permissible, but not under the circumstances presented in this case.

█ Best-Way has transported goods to Ehrenberg by tacking radial authority which authorized service to Alamo, Signal and Aguila with a radial authority to service Cibola on the western border of Arizona. Best-Way has contended first, that shipments to Cibola must of necessity pass through Ehrenberg, and second, that the grant of authority to service Cibola is a radial authority which thus permits transportation within a 25-mile radius of Cibola which would include Ehrenberg.

Our research has failed to uncover any Arizona authority construing intrastate radial authority. In such circumstances we are influenced by treatises construing tacking by interstate carriers. Irregular route authority such as Best-Way possesses is defined as follows:

"* * * In general, an irregular route carrier conducts indiscriminate, co-incidental, nonscheduled, unperiodical, itinerant, ambulatory service while the operation of the regular route carrier is over a carefully specified route to only specifically authorized points on that route under schedules published and filed with the obligation to perform the operation to the extent that the convenience and necessity of the public requires. * * *" Proctor, Authorities and Rights of Interstate Truckers, Ch. 14, § 1, pp. 319–320.

The abstract of record on appeal contains a request for admission propounded by the appellees and answered by Best-Way which illustrates that there have been no shipments to Cibola during the period of January 1, 1969 through April 30, 1970.

Best-Way stated that it was ready to transport to Cibola but had never been contacted by any potential shippers. We believe that in order to serve Ehrenberg there must be shipments to Cibola included on board. It has been stated:

> "Irregular route radial operations may be carried on by any and all routes between the base point and the radial points *but all shipments must always begin or end at the base point, and hence may never be carried between two points in the radial area neither of which is in the base area. * * *"* (Emphasis added.) Proctor, Ch. 14, § 26, pp. 344–345.

This statement is authority for the proposition that Ehrenberg, as a radial point, cannot be served by Best-Way from any of the points within a 25-mile radius without passing through Cibola, the base point. It therefore follows that shipments cannot begin or terminate at Ehrenberg by tacking because there is no authorization to serve that town independently, i. e., without shipment to Cibola, the base point. While we are not cited to any authority that approves Best-Way's conduct, we have found stronger language than quoted above which, in essence denies the right to tack irregular radial authority. See Proctor, supra, Ch. 13, § 16, p. 308.

We must also determine whether there was substantial evidence on the record as a whole for the trial court to affirm the portion of the Corporation Commission ruling that had the effect of prohibiting service between Phoenix and Yuma. Best-Way alleges that the service is lawful pursuant to Certificate No. 3759(1), and in the alternative, they had provided said service for over 10 years; that the Commission had previously ruled that the certificate in question permitted authority to transport between Wellton and Chandler and areas south of Highways 60–70–80 and 89; and furthermore that said decision is binding upon the litigants in this action.

From the outset it is apparent that the literal interpretation of the certificate does not grant authority to ship between Yuma and Phoenix, which was the finding of the trial court. Also determined in the conclusions of law was that the continuance of certificates is not based on estoppel. Furthermore, the fact that a prior complaint alleging unauthorized service to Wellton (in the Yuma area) was dismissed by the Commission is not a determination that Best-Way had such a right. Also, if there was any determination by the Commission because the complaint was dismissed, it is not binding in these subsequent proceedings. We are not cited to any proposition of law which would substantiate Best-Way's contentions, but the Arizona Supreme Court case of Metropolitan Lines v. Brooks, 70 Ariz. 344, 220 P.2d 480 (1950) is applicable. In Brooks it was stated that enlargement or extension of service not authorized by certificate of public convenience and necessity could not be upheld in the absence of compliance with statutory jurisdictional requirements as to notice to authorized carriers in the areas involved pursuant to A.R.S. § 40–607.

Regarding Best-Way's contention that the appellees are estopped, our Supreme Court in Corporation Comm. v. Pacific Greyhound Lines, 54 Ariz. 159, 94 P.2d 443 (1939), held as follows:

> "* * * [W]hen the question involved is the carrying out of this public policy by a public agency, we think that no question of estoppel as between the carriers can arise, and that the commission must determine whether the certificate applied for shall issue on the basis laid down by the law." 54 Ariz. at 178, 94 P.2d at 451.

We therefore hold that upon review of the record there was substantial evidence to support the trial court's judgment.

Affirmed.

STEVENS, P. J., and CASE, J., concur.