568 P.2d 430

**MOUNTAIN STATES BOLT, NUT & SCREW CO., a corporation, Appellant,**

v.

**BEST–WAY TRANSPORTATION, a corporation, Appellee.**

**1 CA–CIV 3219.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 21, 1977.

Rehearing Denied July 29, 1977.

Review Denied Sept. 15, 1977.

Robert C. Whitten, Ltd., by Robert C. Whitten, Phoenix, for appellant.

Yankee & Bernstein by James A. Yankee, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

In 1970, the appellee, Best-Way Transportation, transported truckloads of steel products from San Francisco to Phoenix for the appellant, Mountain States Bolt, Nut & Screw Co. Best-Way filed this action against Mountain States to recover amounts allegedly owed for that transportation; Mountain States counterclaimed. The trial court, after trial without a jury, found that Best-Way was entitled to approximately $9,000 as the reasonable value of the services rendered to Mountain States.

In this appeal by Mountain States, the principal question is whether Best-Way could properly maintain the action when a certain portion of the transportation route had not been properly authorized under Best-Way's certificate of convenience and necessity issued by the Arizona Corporation Commission. We hold that the deficiencies in Best-Way's certificate did not bar this action. We also hold that the trial court's findings with respect to Mountain States' counterclaims are fully supported by the evidence, and therefore affirm the decision below.

At the time this transportation contract was entered into, the scope of Best-Way's authority under its Arizona carrier's certificate was in litigation. In 1972, this Court determined that it did not have authority to operate as a carrier between Ehrenberg and Phoenix, Arizona. *Best-Way Transportation v. Thunderbird Freight Lines, Inc.*, 17 Ariz.App. 537, 499 P.2d 115 (1972). There is no contention that Best-Way was in violation of any applicable law or certificate in transporting these goods from San Francisco to Ehrenberg. It is appellant's position, however, that because Best-Way violated its Arizona certificate during a portion of the entire route, the entire contract was

void and that Best-Way is entitled to nothing for the value of the services it rendered. We disagree.

The applicable principles for determining when a contract is unenforceable as against public policy were stated by this Court in *Ruelas v. Ruelas,* 7 Ariz.App. 98, 101, 436 P.2d 490, 493 (1968):

> "Generally, an agreement which cannot be performed without violating applicable law, is illegal and void. 17 Am.Jur.2d Contracts § 165, at 521; 17 C.J.S. Contracts § 201, at page 1000. This rule, however, is not inflexible, and the court must look to the legislative intent. *Fenolio v. McDonald*, 171 Cal.App.2d 508, 340 P.2d 657 (1959); *Wilson v. Stearns*, 123 Cal.App.2d 472, 267 P.2d 59 (1954).

> "It is the law in Arizona that:

> " ' * * * parties have the legal right to make such contracts as they desire to make, provided only that the contract shall not be for illegal purposes or against public policy.' (Emphasis added) *S. H. Kress & Co. v. Evans*, 21 Ariz. 442, 449, 189 P. 625, 627 (1920).

> See also, *Galbraith v. Johnston*, 92 Ariz. 77, 81, 373 P.2d 587 (1962); *Commercial Standard Insurance Co. v. Cleveland*, 86 Ariz. 288, 293, 345 P.2d 210 (1959)."

Thus if the acts to be performed under the contract are themselves illegal or contrary to public policy, or if the legislature has clearly demonstrated its intent to prohibit maintenance of a cause of action, then recovery should be denied. However, none of these circumstances is present here.

The transportation of goods is not in and of itself an illegal purpose or contrary to public policy. Therefore, in this case, as in *Ruelas v. Ruelas, supra*, there was "no immoral or reprehensible motive in back of this [contract]." While it is true that our legislature has required proper certificates and has provided that carrier operation without proper certificate is a misdemeanor, A.R.S. § 40–660(A), we are not persuaded that in so doing the legislature has declared contracts of this nature so violative of public policy as to be unenforceable. It is significant that in considering similar federal carrier licensing requirements, fed-

eral authorities have permitted carriers operating beyond the scope of their licenses to recover the reasonable value of services rendered in accordance with established tariff rates. *See, e.g., Shannon Spring Bed Mfg. Co., Inc. v. North American Van Lines, Inc.*, 61 M.C.C. 73 (1952). In this case the deficiencies in licensing qualifications went to only a small portion of the transportation provided. Contrast *Turner v. Gossett*, 267 S.W.2d 877 (Tex.Civ.App. 1954).

Clearly the legislature could expressly have precluded any recovery by deficiently licensed carriers. It has done so in the case of actions by improperly licensed contractors. A.R.S. § 32–1153. There is no similar statutory provision here. Appellant has not advanced any compelling policy, such as the avoidance of fraud discussed in *Jackson v. Robertson*, 90 Ariz. 405, 368 P.2d 645 (1962), which would be served by barring any recovery whatsoever in these circumstances. We accordingly conclude that Best-Way was entitled to the fair value of its services. The published tariff schedules entered in the record, together with documents showing the weight of steel transported, provide substantial evidence in support of the trial court's computation of the dollar value of those services.

We must then determine whether the trial court erred in its resolution of Mountain States' counterclaims.

The first counterclaim involves the alleged conversion by Best-Way of a header machine which was among the items transported. Mountain States eventually paid $500 to a repair shop before reclaiming possession. The trial court in its findings of fact stated that there was insufficient evidence to support a finding of conversion by Best-Way. However, the trial court did credit Mountain States with $500 in computing the judgment for Best-Way. We find no evidence sufficient to sustain a finding that Mountain States was damaged in any amount greater than $500 in connection with the header machine.

The second counterclaim involves the retention and sale by Best-Way of certain steel rods which were also a part of the materials transported. Here also the trial court took into account in computing the judgment the amount which Best-Way actually received from the sale. Mountain States claims that the amount credited should have been greater and advances several arguments in support of that proposition. While the evidence is conflicting on these factual points, there is evidence in the record showing that the materials in question were in a deteriorated condition before Best-Way transported them, that the rods were of an off size and therefore of little commercial value, and further that Best-Way went to considerable effort to get the highest price when it sold the steel. We, therefore, conclude that the trial court's determination that the resale was made in a commercially reasonable manner and its calculation of the amount to be credited to Mountain States were fully supported by the evidence.

The judgment is affirmed.

WREN and EUBANK, JJ., concur.