714 P.2d 1316

**Donald M. GAERTNER, Plaintiff/Appellee,**

v.

**Pete SOMMER and Nancy Sommer, husband and wife; Phoenix Factory Reps, Inc., an Arizona corporation; and Battle Creek, Inc., an Arizona corporation, Defendants/Appellants.**

**No. 2 CA–CIV 5602.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 16, 1986.

**422**

Levenbaum & Cohen by Warren G. Levenbaum and Robert D. Beucler, Phoenix, for plaintiff/appellee.

Karasek, Haddy & Rayes by Nick Rayes and Michael J. Dew, Phoenix, for defendants/appellants.

## OPINION

HOWARD, Presiding Judge.

This action arises out of a suit for commissions allegedly due and owing from the defendants to the plaintiff. The plaintiff Gaertner brought suit against the defendants alleging that he was owed $10,000 in commissions for having arranged the sale of a motorhome (recreational vehicle) for the defendants. The case was tried before the court, sitting without a jury. The defendants filed a motion to dismiss and moved for a directed verdict at the close of plaintiff's evidence. The trial judge denied these motions and entered judgment in favor of the plaintiff in the amount of $4,000, together with attorney's fees of $1,800 and costs of $309.65. The defendants also filed a motion for a new trial which the trial court denied. This is an appeal from the order denying their motion for a new trial. The defendants contend that the trial court erred in refusing to grant the motion for directed verdict. We affirm.

On October 30, 1982, the defendants Sommer and the plaintiff entered into an agreement wherein the defendants consigned a 1973 Newell Coach Motorhome to the plaintiff. The consignment agreement provided that the plaintiff would act as the sales agent for the vehicle and that the sales price would be in the amount of $110,000.

The motorhome was sold, while it was in the possession of the plaintiff, for the price of $100,000. After the sale took place, defendant Pete Sommer gave the plaintiff a check for the amount of $3,000 with a notation that it was payment in full for any sales commission due him. Contending that the commission due him was 10 percent or $10,000, rather than the $3,000 he received, the plaintiff filed this lawsuit.

The evidence showed that the defendants, for the three years prior to trial, had been in the business of converting Greyhound coaches to motorhomes and selling them. The plaintiff admitted that he was in the business of selling motorhomes and advertising the motorhomes for sale. He also admitted that at no time was he ever licensed by the Office of Manufactured Housing as a recreational vehicle converter or dealer. Over objection by counsel for the defendants, the plaintiff was allowed to testify as to an oral agreement dealing with what percentage the defendants would pay the plaintiff for the sale.

The defendants contend that they were entitled to a directed verdict, since the writ-

ten agreement between the parties did not provide for any sales commission and the evidence relating to the collateral oral agreement violated the parol evidence rule. They also contend that they were entitled to a directed verdict because the contract between the parties was an illegal contract and void, since the plaintiff was unlicensed as a dealer in motorhomes.

As for the defendants' first contention, the defendants' motion for a new trial did not address the issue of parol evidence. It is well settled that the scope of an appeal from an order denying a motion for a new trial may not be enlarged beyond the matters assigned as errors in the motion. *Sun Lodge, Inc. v. Ramada Development Company*, 124 Ariz. 540, 606 P.2d 30 (App. 1980).

A.R.S. § 32–1172(A)(8) states:

" 'Dealer' means any person who sells, exchanges, buys, offers or attempts to negotiate or acts as an agent for the sale or exchange of recreational vehicles...."

The defendants contend that the plaintiff was a dealer in recreational vehicles, that such dealers are required to be licensed by the state (see A.R.S. § 32–1180), and that since plaintiff was unlicensed, the consignment agreement between plaintiff and defendants was an illegal contract, incapable of enforcement by the courts.

The plaintiff contends that he was exempt from licensing by A.R.S. § 32–1172(B)(5), but that even if he was required to be licensed, he can still maintain an action for his commissions.

■ We do not agree that the plaintiff is exempt from the licensing provisions. The section on which he relies, A.R.S. § 32–1172(B)(5), provides that the requirements of the chapter that are applicable to dealers do not apply to:

"A purchaser who sells no more than two recreational vehicles, factory-built buildings, sub-assemblies, manufactured homes or mobile homes in any twelve month period."

Since the plaintiff was not a purchaser of the Sommer vehicle, he was not exempted by the statute.

Was the contract between the parties unenforceable and against public policy? In *Ruelas v. Ruelas*, 7 Ariz.App. 98, 436 P.2d 490 (1968), we stated:

"Generally, an agreement which cannot be performed without violating applicable law, is illegal and void. 17 Am. Jur.2d Contracts § 165, at 521; 17 C.J.S. Contracts § 201, at page 1000. This rule, however, is not inflexible, and the court must look to the legislative intent." 7 Ariz.App. at 101, 436 P.2d at 493.

■ In Arizona parties have the legal right to make contracts as they desire to make them, provided only that the contract shall not be for illegal purposes or against public policy. *S.H. Kress & Company v. Evans*, 21 Ariz. 442, 189 Pac. 625 (1920). If the acts to be performed under the contract are themselves illegal or contrary to public policy, or if the legislature has clearly demonstrated its intent to prohibit maintenance of a cause of action, then recovery should be denied. *Mountain States Bolt, Nut & Screw Co. v. Best-Way Transportation*, 116 Ariz. 123, 568 P.2d 430 (App. 1977). Selling somebody else's property for a commission is not in and of itself an illegal purpose or contrary to public policy. There was no immoral or reprehensible motive here.

■ In *Mountain States Bolt, Nut & Screw Co. v. Best-Way Transportation*, supra, which involved a contract for the transportation of goods over part of a route for which the plaintiff did not have a certificate of necessity, the court noted:

"Clearly the legislature could expressly have precluded any recovery by deficiently licensed carriers. It has done so in the case of actions by improperly licensed contractors. A.R.S. § 32–1153. There is no similar statutory provision here." 116 Ariz. at 125, 568 P.2d at 432.

We make the same observations here. The legislature has not clearly demonstrated its intent to prohibit a maintenance of a cause of action by an unlicensed dealer and, ac-

cordingly, the plaintiff was entitled to recover.

Appellee will be awarded attorney's fees on appeal as requested upon filing a statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S., and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983).

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.