TAMARACK CAPITAL, LLC, an Arizona limited liability company; Tamarack Insurance, LLC, an Arizona limited liability company, Plaintiffs–Appellees,

v.

ACCESS HEALTHSOURCE, INC., a Texas corporation, Defendant–Appellant.

No. 02–16994, 02–17282.

D.C. No. CV–98–01572–EHC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Decided Feb. 25, 2004.

Jack Klausner, Warner, Angle Hallam, Jackson, Phoenix, AZ, for plaintiffs–appellees.

John G. Sestak, Jr., Esq., John James Egbert, Jennings, Strouss & Salmon, Phoenix, AZ, for defendant–appellant.

Before TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.*

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

## MEMORANDUM**

Defendant Access Healthsource, Inc. appeals the district court's award of contract damages and attorneys fees to Plaintiffs Tamarack Capital, LLC and Tamarack Insurance, LLC. Because we conclude that the contracts are governed by Arizona law, and because Tamarack's lack of a Texas insurance license does not render the agreements unenforceable, we affirm the judgment. As the parties are familiar with the facts, procedural history, and arguments, we cite them only as necessary.

Federal jurisdiction over this contract action was based on diversity. The district court sitting in diversity must look to Arizona's choice of law rules, which in turn, requires the court to follow the Restatement (Second) on Conflict of Laws ("Restatement"). *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir.2002); *Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 77 P.3d 439, 441 (2003). Both contracts provide that Arizona law should govern, and according to Restatement § 187(2)(b), the parties' choice of law provision will be honored unless "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." *See e.g., Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 841 P.2d 198, 203 (1992). Because we hold that Texas does not have a "materially greater interest" than Arizona in determining whether the contracts should be enforced, the district court correctly held that Arizona contract law should be applied.

The parties dispute whether Tamarack's services required it to have a Texas insurance license. Even assuming that Tamarack's performance under the con-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tracts required a Texas insurance license, the contracts are nonetheless enforceable under Arizona contract law. Under Arizona law, "parties have the legal right to make contracts as they desire to make them, provided only that the contract shall not be for illegal purposes or against public policy." *Mountain States Bolt, Nut & Screw Co. v. Best Way Transportation*, 116 Ariz. 123, 568 P.2d 430, 431 (1977). In other words, recovery should be denied only "if the acts to be performed under contract are themselves illegal or contrary to public policy, or if the legislature has clearly demonstrated its intent to prohibit maintenance of a cause of action." *Mountain States*, 568 P.2d at 431. Tamarack's activity under the contracts did not fall within that description. Therefore, the agreements between Tamarack and Access are enforceable under Arizona law.

Even assuming that some of the contractual obligations were unenforceable under the *Mountain States* standard, pursuant to Arizona law, "[i]f it is clear from its terms that a contract was intended to be severable, the court can enforce the lawful part and ignore the unlawful part." *Himes v. Safeway Ins. Co.*, 205 Ariz. 31, 66 P.3d 74, 87 (2003). The district court found that the severability clauses in the agreements were valid and that the enforceable terms of both agreements constituted sufficient consideration on the part of Tamarack. These findings are not clearly erroneous.

The district court properly awarded damages and attorneys fees to Tamarack.

**AFFIRMED.**