NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY TERRELL MURRELL, JR., *Plaintiff/Appellant*,

*v.*

LEEANN J. TAYLOR,[1] et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0334
FILED 3-16-2021

Appeal from the Superior Court in Maricopa County
No.  CV2019-095855
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Anthony Terrell Murrell, Jr., Florence
*Plaintiff/Appellant*

---

[1]    To avoid identifying Defendants/Appellees, who are victims of criminal activity, we refer to them with pseudonyms.  *See State v. Agueda*, 1 CA-CR 20-0020, 2021 WL 563233, at *1, ¶ 2 n.2 (Ariz. App. Feb. 11, 2021); *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).  The above-referenced caption shall be used on all further documents filed in this appeal.

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1          Anthony Terrell Murrell, Jr. appeals the superior court's judgment dismissing his complaint against Leeann J. Taylor and Robert H. Aaron (collectively, "Defendants") for failure to state a claim upon which relief can be granted pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6) as to Aaron and for failure to timely serve Taylor.  For the following reasons, we affirm the judgment based on Rule 12(b)(6).

## FACTS AND PROCEDURAL HISTORY

¶2          On November 15, 2019, Murrell, a prisoner incarcerated in the Arizona Department of Corrections, filed a civil complaint against Defendants for racketeering and sought relief of $100,000.  Asserting he was unable to locate Defendants for service of process, Murrell asked the court on January 15, 2020, "to enlarge time to serve by 90 days and to serve by publication."

¶3          Meanwhile, on January 22, 2020, court administration filed a "Notice of Intent to Dismiss for Lack of Service," notifying Murrell:

> You are hereby notified that the complaint filed on 11/15/2019 is subject to dismissal pursuant to Rule 4(i) of the Arizona Rules of Civil Procedure.  The deadline for completing service is 02/13/2020.  If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

On January 29, 2020, Murrell filed a "Motion to Abate Time," stating he had "submitted this to be served by publication" and asking that the court extend the time for service to June 13, 2020.  There is no indication in the record the court extended the time for service.  *See* Ariz. R. Civ. P. 4(i).

¶4          On March 16, 2020, Murrell filed a "Notice of Entry of Default" that purported to advise Defendants they had been served by

publication, had neither pled nor moved to enlarge time, and had ten days to respond or default would be entered against them.[2]  On March 24, 2020, Murrell filed a "Request to Clerk to Enter Default."[3]

**¶5**　　　　On March 31, 2020, Aaron answered and moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing the complaint failed to state a claim for which relief could be granted.

**¶6**　　　　On May 8, 2020, the superior court granted the motion to dismiss, explaining as follows:

> The Complaint does not contain any factual allegations or reasonable inferences therefrom that would entitle [Murrell] to any relief on the claims asserted against the Defendants.  Accordingly,

---

[2]　　　　Murrell attached to his "Notice of Entry of Default" a copy of a summons naming Defendants that indicates it was published on January 30 and February 6, 13, and 20, 2020.  He also attached a January 28, 2020 letter from the Arizona Republic stating that his "notice will publish Jan 30, Feb 6, 13 and 20 in the Arizona Business Gazette" and that, "[o]nce the publication is complete, an Affidavit of Publication will be sent to the mailing address on file."  As an attachment to his opening brief, Murrell includes for the first time an Affidavit of Publication from the Arizona Business Gazette that indicates service by publication occurred on January 30, and February 6, 13, and 20, 2020.  The affidavit also indicates it was mailed to the superior court at "Superior Court of AZ, 2942 N 24th St Ste 105, Phoenix, AZ 85016."

[3]　　　　Murrell argues the court was precluded from setting aside any entry of default absent a motion by Defendants.  It appears, however, that neither the "Notice of Entry of Default" nor the "Request to Clerk to Enter Default" constituted a proper application for default under Rule 55(a), Ariz. R. Civ. P.  Moreover, even were we to assume *arguendo* that Defendants were properly subject to an entry of default under Rule 55, the superior court retained discretion to set aside such an entry of default based upon "a determination of disputed questions of fact or credibility, a balancing of competing interests, pursuit of recognized judicial policy, or any other basis to which we should give deference." *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 185, 188 (App. 1992) (quoting *City of Phoenix v. Geyler*, 144 Ariz. 323, 329 (1985)).  On this record, we would find no abuse of that discretion.

**IT IS ORDERED** granting the Motion to Dismiss filed by Defendant Robert H. [Aaron] and dismissing the Complaint as to Defendant Robert H. [Aaron].

A review of the docket indicates that [Murrell] has filed multiple motions, but did not provide the Division with a copy of the motions.

In the Motion to Enlarge Time, filed 1/15/2020, [Murrell] requested a 90-day extension of time for service of process. The requested time has passed, and [Murrell] has not filed an Affidavit of Service. Accordingly, the Court finds the Motion to Enlarge Time moot.

In the Motion to Abate Time, filed 1/29/2020, [Murrell] requested an extension through 6/[13]/2020 to complete service by publication. The Motion to Abate Time does not set forth any basis that [Murrell] would need more than the 90-day extension requested on 1/15/2020. No good cause appearing,

**IT IS ORDERED** denying [Murrell's] Motion to Abate Time.

In accordance with the Notice of Intent to Dismiss dated 1/18/2020,

**IT IS ORDERED** dismissing this case as to Defendant Leeann J. [Taylor].

A signed final judgment with Rule 54(c) language was filed on August 13, 2020.

¶7  We have jurisdiction over Murrell's timely appeal pursuant to Arizona Revised Statutes section 12-2101(A)(1).

**ANALYSIS**

¶8  Murrell argues the superior court erred in dismissing his complaint both under Rule 12(b)(6) and for lack of service. Defendants have not filed an answering brief. Although we may deem the failure to file an answering brief a confession of error, *see Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008), we do not do so here, as we prefer to decide

cases on their merits when the interests of justice dictate, *see Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980); *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966).

¶9 "We may affirm on any basis supported by the record." *State v. Wassenaar*, 215 Ariz. 565, 577, ¶ 50 (App. 2007) (citation omitted). Even if we assume *arguendo* that the superior court erred in dismissing Murrell's complaint as to Taylor based on a failure to demonstrate timely service, the court's dismissal for failure to state a claim is dispositive as to both Defendants. Accordingly, we address that argument.

¶10 A motion to dismiss should be granted if the complaint fails to state a claim upon which relief can be granted. Ariz. R. Civ. P. 12(b)(6). We review *de novo* the superior court's ruling on a Rule 12(b)(6) motion. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012).

¶11 When adjudicating a Rule 12(b)(6) motion, "Arizona courts look only to the pleading itself." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). If matters outside the pleading are considered, we treat the motion as one for summary judgment. *Coleman*, 230 Ariz. at 356, ¶ 9. "A complaint's exhibits, or public records regarding matters referenced in a complaint, are not 'outside the pleading,' and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion." *Id.* (citing *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63-64, ¶¶ 10, 13 (App. 2010)).

¶12 We follow a notice pleading standard in Arizona. *Id.* at ¶ 9 (citing *Cullen*, 218 Ariz. at 419, ¶ 6). In determining if a complaint states a claim on which relief can be granted, we assume the truth of all well-pled factual allegations and indulge all reasonable inferences therefrom. *Id.* (citing *Cullen*, 218 Ariz. at 419, ¶ 7). We do not, however, accept as true allegations that are conclusions of law, inferences or deductions that are not necessarily implied by any well-pled facts, and unreasonable inferences or unsupported factual or legal conclusions; thus, mere conclusory statements are insufficient. *See id.* (citing *Cullen*, 218 Ariz. at 419, ¶ 7). A court should dismiss a case under Rule 12(b)(6) when, as a matter of law, the plaintiff "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). Thus, the issue is whether Murrell's complaint states a sufficient claim to warrant allowing him to attempt to prove his case. *See id.* at 363, ¶ 46.

¶13 Here, even if we liberally construe and assume the truth of Murrell's factual allegations, the complaint consists of what can charitably

be described as gibberish, consisting merely of several conclusions of law and statements bearing little or no discernable nexus to one another. As such, it fails to sufficiently set forth a factual basis to support a claim for relief against Defendants on any basis, let alone for alleged racketeering.

¶14 Moreover, even if the allegations in Murrell's complaint were sufficient to survive a Rule 12(b)(6) motion—which they are not—Murrell's related criminal case makes clear Taylor was a victim of human sex trafficking who had been forced to work for Murrell as a prostitute. In November 2017, Taylor met Aaron, who offered to help Taylor leave the prostitution business. Taylor then informed Murrell that she would no longer work for him, and she called Aaron to come and get her. When Aaron arrived in his pickup truck, Murrell demanded compensation for "losing" Taylor, but Aaron refused to pay Murrell, and Taylor got into the vehicle. As Aaron began driving away, Murrell fired numerous shots into the back of the vehicle. One of the bullets struck Taylor and lodged in her head. Aaron drove Taylor to a nearby hospital emergency room, where she was treated. Murrell was eventually arrested and charged with four felony counts—discharge of a firearm at a structure, two counts of aggravated assault, and misconduct involving weapons. Under a plea agreement, Murrell pled guilty to two counts of aggravated assault and was sentenced to concurrent minimum terms of five years' incarceration in the Arizona Department of Corrections.

¶15 Although Murrell's complaint for racketeering does not cogently explain any of this—or even reference his criminal case—the complaint is based on Murrell's belief that Aaron and Taylor conspired to cause the loss of his "property" (Taylor) without compensation. Such a claim as a matter of law runs afoul of the Thirteenth Amendment's prohibition against slavery and, in any event, constitutes a claim upon which relief could not be granted. *See* Ariz. R. Civ. P. 12(b)(6); *Mountain States Bolt, Nut & Screw Co. v. Best-Way Transp.*, 116 Ariz. 123, 124 (App. 1977) ("[I]f the acts to be performed under the contract are themselves illegal or contrary to public policy, or if the legislature has clearly demonstrated its intent to prohibit maintenance of a cause of action, then recovery should be denied."). Accordingly, the superior court did not err in dismissing Murrell's complaint pursuant to Rule 12(b)(6).

**CONCLUSION**

¶16 The superior court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA