NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KIZZEN JAMES, et al., *Plaintiffs/Appellants*,

*v.*

CITY OF PEORIA, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0415
FILED 4-13-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-054635
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

AJ Law P.L.C., Phoenix
By Abdoukadir Abdul Jaiteh, Elizabeth Gonzalez
*Co-Counsel for Plaintiffs/Appellants*

Peoria City Attorney's Office, Peoria
By Amanda Christine Sheridan, Saman John Golestan
*Counsel for Defendant/Appellee City of Peoria*

Jardine Baker Hickman & Houston, P.L.L.C., Phoenix
By Bradley R. Jardine
*Counsel for Defendant/Appellee Peoria Unified School District*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**F U R U Y A**, Judge:

**¶1**        In this wrongful death case against the City of Peoria ("the City"), Kizzen James appeals the superior court's ruling granting the City's motion for summary judgment because James filed a defective notice of claim. Because the document submitted to the City contains a fatal defect disqualifying it from serving as a valid notice of claim, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In the afternoon of October 10, 2018, a motor vehicle accidently struck 12-year-old Isaiah McGinnis ("Isaiah") near 77th Avenue and Peoria Avenue while he was walking home from school. Tragically, Isaiah lost his life as a result of the accident.

**¶3**        On March 26, 2019, within 180 days of the accident, Appellant Kizzen James ("James"), the surviving mother of Isaiah, hand delivered a notice of claim cover form for wrongful death upon the City's Clerk via a licensed process server. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-821.01(A) (2021)[1]. Attached to the cover form was a letter from James' legal counsel. This letter contained the heading "NOTICE OF CLAIM" and outlined the alleged basis for the City's liability regarding Isaiah's death. *See id.* The letter proposed a "sum certain" settlement offer of $10,071,016.72 to the City. *See id.* Most relevant to this appeal, James' letter stated: "This compromise to settle is valid for thirty (30) days from the date of this letter." The City did not respond in writing to the letter.

**¶4**        In October 2019, James filed a complaint for wrongful death against the City and others. In response, the City moved to dismiss the

---

[1]        Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

complaint.[2] The superior court granted the City's motion, citing James' failure to strictly comply with the notice of claim statute "by not keeping the settlement offer open for at least 60 days." *See* A.R.S. § 12-821.01(E). At the time the court granted the City's motion, the statute's 180-day window to file a notice of claim had already passed, and consequently, James' claim was statutorily barred. *See* A.R.S. § 12-821.01(A). Therefore, the court also dismissed James' complaint with prejudice.

**¶5**       James timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**       James argues the superior court "failed to strictly construe [her] notice of claim's actual terms." She contends that her inclusion of the sentence: "This compromise to settle is valid for thirty (30) days from the date of this letter" had no legal effect on the City's statutorily mandated sixty-day period to consider her claim, and therefore, was "meaningless." We disagree.

## I.  Standard of Review

**¶7**       "We review issues of law involving statutory interpretation and a trial court's grant of summary judgment *de novo*." *Bentley v. Building Our Future*, 217 Ariz. 265, 270, ¶ 11 (App. 2007). Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "When interpreting a statute, our primary goal is to find and give effect to legislative intent." *Secure Ventures, LLC v. Gerlach in & for Cnty. of Maricopa*, 249 Ariz. 97, 99, ¶ 5 (App. 2020) (citing *Ariz. Chapter of the Associated Gen. Contractors of Am. v. City of Phx.*, 247 Ariz. 45, 47, ¶ 7 (2019)). The best and most reliable indicator of legislative intent "is the language of the statute itself." *Bentley*, 217 Ariz. at 270, ¶ 12 (citations omitted). "If the statutory language is unambiguous, 'we apply it without resorting to other methods of statutory interpretation.'" *Id.* at ¶ 13 (citing *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268 (1994)).

---

[2]       In accordance with the Arizona Rules of Civil Procedure, the City's motion was converted to a motion for summary judgment. *See* Ariz. R. Civ. P. 12(d), 56.

## II. Notice of Claim Statute, A.R.S. § 12-821.01

**¶8** Before initiating an action for damages against a public entity, "a claimant must provide a notice of claim to the entity in compliance with" A.R.S. § 12-821.01. *Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 294, ¶ 1 (2007); *see also Drew v. Prescott Unified School Dist.*, 233 Ariz. 522, 523, ¶ 1 (App. 2013). It is strictly the onus of the claimant "to make a statutorily compliant settlement offer." *Drew*, 233 Ariz. at 526, ¶ 16 (citing A.R.S. § 12-821.01(A)).

**¶9** Subsection (A) of A.R.S. § 12-821.01 requires a person with a claim against a public entity to provide notice of that claim by filing it with a person authorized to accept service within 180 days after the cause of action accrues. That notice of claim must contain the following: (1) sufficient facts to permit the public entity "to understand the basis on which liability is claimed"; (2) "a specific amount for which the claim can be settled"; and (3) "the facts supporting that amount." *See* A.R.S. § 12-821.01(A). A claim not filed within 180 days after the cause of action accrues "is barred and no action may be maintained thereon." *Id.*

**¶10** Subsection (E) of A.R.S. § 12-821.01 explains that "[a] claim against a public entity . . . is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days." As this court held in *Drew*, "absent an earlier response *from the public entity*, § 12-821.01(E) *requires* the settlement offer contained in the notice to be held open for sixty days." 233 Ariz. at 523, 525, ¶¶ 1, 12 (emphasis added). Such a requirement exists to allow a public entity a "reasonable period of time" to investigate and assess liability, permit the possibility of settlement before litigation, and assist in financial planning and budgeting. *Id.* at 525–26, ¶¶ 11–12, 15 (citing *Backus v. State*, 220 Ariz. 101, 104–106, ¶¶ 10, 17 (2009)).

## III. *Drew v. Prescott Unified School District*

**¶11** Regarding the issues raised in the present appeal, this Court's prior decision in *Drew v. Prescott Unified School District* is instructive. The plaintiffs in *Drew* served a school district with a notice of claim and the district's special education director was "mailed a copy of the letter" dated December 15, which stated that the plaintiffs' settlement offer would "remain open until **December 30, 2011,** unless earlier withdrawn." *Id.* at 524, ¶ 4. The *Drew* Court explained that because the plaintiffs' notice of claim "unilaterally withdrew the [settlement] offer after only fifteen days, the notice did not comply with" A.R.S. § 12-821.01. *Id.* at 523, ¶ 1.

Accordingly, "[p]laintiffs' claims [we]re barred." *Id.* at 526, ¶ 16 (citing *Deer Valley*, 214 Ariz. at 295, ¶ 6).

**¶12**         Here, James' purported notice of claim expressly provided that its "compromise to settle" would only remain "valid for thirty (30) days from the date of this letter." Thus, by its own terms, the settlement offer contained in James' notice of claim expired no later than April 21, 2019. After that date, the offer, despite James' assertions to the contrary, could not be accepted. *See id.* at 525, ¶ 14 (citing Restatement (Second) of Contracts § 41(1) (1981) ("An offeree's power of acceptance is terminated at the time specified in the offer . . . .")). Thus, as was the case in *Drew*, James' purported notice of claim "failed to make a settlement offer that complied with A.R.S. § 12-821.01 because [her] offer explicitly lapsed" after no more than thirty days from the date of the notice, when the City of Peoria should have been given an acceptance period of not less than sixty days. *See id.* at ¶ 13.

**¶13**         Nevertheless, James questions the applicability of *Drew*, arguing: (1) that the facts of this case make it distinguishable from *Drew*; and (2) that *Drew* is wrongly decided. We address each position in turn.

### A.    *Drew* **is not factually distinguishable.**

**¶14**         James first argues that *Drew* is distinguishable from this case, asserting that there is a material distinction between the phrasings used in the respective notices of claims. However, despite James' assertions to the contrary, the relevant facts in the instant matter closely parallel those which were determinative in *Drew* and support the superior court's resolution.

**¶15**         In *Drew*, the plaintiffs stated that their offer of settlement would "*remain open* until **December 30, 2011,** unless earlier withdrawn," 233 Ariz. at 524, ¶ 4, whereas here, James' notice stated, "[t]his compromise to settle *is valid* for thirty (30) days from the date of this letter." (Emphasis added.) While the two letters use different words, the purpose and effect of the language in both was to condition settlement upon acceptance of the proposed offer by a certain date. In so doing, both formulations substantively and impermissibly limited the public entities' ability to accept proposed settlement offers in contravention of A.R.S. § 12-821.01(E)'s sixty-day timeframe, and their divergent means of expression present a distinction without a difference.

### B.    *Drew* **is not wrongly decided.**

**¶16**         James alternatively contends that *Drew*'s reasoning is unsound because the statute itself prevents changes to the notice of claim

offer period, rendering any attempts to do so moot. James maintains that her inclusion of a thirty-day deadline did not carry "the slightest meaning or effect" on her compliance with A.R.S. § 12-821.01 because only a public entity can effectively modify the sixty-day consideration period. As such, James urges us to depart from those principles set forth by *Drew*. We decline to do so because James' analysis ignores the nature and effect of her inclusion of the abbreviated acceptance period and misconstrues the underpinnings of *Drew*.

¶17 James' choice to include a shorter acceptance deadline is not meaningless or ineffective. Instead, it was an exercise of control over her own settlement offer. Under contract law, an "offer" is identifiable by its characteristics—namely, "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212 (App. 1983) (quoting Restatement (Second) of Contracts § 24 (1981)). Further, Arizona policy has long provided that, within reason, "parties have the legal right to make contracts as they desire to make them . . . ." *Gaertner v. Sommer*, 148 Ariz. 421, 423 (App. 1986) (citing *S. H. Kress & Co. v. Evans*, 21 Ariz. 442, 449 (1920)).

¶18 The letter James served upon the City was a contract offer, which manifested her intent to settle her claims against the City for its alleged liability regarding Isaiah's death. In that regard, her letter explained the subject of the proposed contract, set forth an amount necessary for settlement, and unequivocally imposed a window of time in which the City was required to respond to validly accept the offer. If the City had been so disposed, it could have accepted these terms within that thirty-day window, thereby forming a legally binding contract. Therefore, James' imposition of the shorter window for acceptance was neither meaningless nor ineffectual.

¶19 James further argues her inclusion of a shorter acceptance period should be ignored. James critiques *Drew*'s holding as "untenable" because, she argues, "[n]othing that a claimant can do can possibly shorten the 60-day time period allotted for consideration of whether to accept or deny a notice of claim," rendering any express-but-inconsistent language in a purported notice of claim "a nullity." But James' argument depends upon a logical fallacy in its premises. Functionally speaking, all notices of claim are, in fact, settlement offers. However, not all settlement offers necessarily constitute valid notices of claim. Instead, notices of claim are creatures of statute with explicit compliance requirements, and therefore, constitute a

specialized form of settlement offer. *See* A.R.S. § 12-821.01. The absence of any of the components mandated by statute will render a potential notice of claim ineffective for notice of claim purposes, but not necessarily ineffective as a more general settlement offer.

**¶20**　　　　Here, where the City was allowed no more than thirty days "to investigate, consider, and possibly settle the claim," James "failed to comply with the language and purpose of the notice of claim statute." *See Drew*, 233 Ariz. at 526, ¶ 14 (citing *Deer Valley*, 214 Ariz. at 296, ¶ 9). And although James was at liberty to issue a general settlement offer that included a shorter window for acceptance, the resultant consequence of doing so was to render this same offer ineligible to concurrently serve as her notice of claim under the statute.

**¶21**　　　　Finally, James maintains the sixty-day timeframe of A.R.S. § 12-821.01(E) should automatically be deemed part of her defective notice of claim, overriding and effectively replacing the thirty-day deadline she expressly included. However, this position is incorrect.

**¶22**　　　　Arizona's notice of claim statute is a codification of sovereign immunity. *Swenson v. Cnty. of Pinal*, 243 Ariz. 122, ¶ 6 (App. 2017). It has been observed that "waiver of [a] Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Consequently, it is unsurprising that where the Arizona Legislature saw fit to provide such immunity by statute, "Arizona courts have consistently required strict compliance with the state notice-of-claim statute." *Pinal Cnty. v. Fuller*, 245 Ariz. 337, 341, ¶ 12 (App. 2018). Further, claimant has the sole burden to make a statutorily compliant settlement offer. *Drew*, 233 Ariz. at 526, ¶ 16.

**¶23**　　　　Citing *Huskie v. Ames Bros. Motor & Supply Co.*, 139 Ariz. 396, 402 (App. 1984), among many other contract authorities, James argues that implicit amendment of the actual language used in her settlement letter is required "[s]ince Arizona's statutes are part of every contract, where a contract is incompatible with a statute, the statute governs." (internal citations omitted). This argument is unavailing because James' imposition of a thirty-day deadline was permissible under Arizona contract law. Her failure to allow the City a full sixty days for evaluation was not, *per se*, incompatible with Arizona statutes or other law. It only disqualified this offer from simultaneously serving a dual purpose as a statutorily compliant notice of claim. Thus, James' inclusion of a thirty-day deadline cannot be treated as a defect rendering her contract illegal, thereby requiring implicit amendment. And further, as correctly observed in *Drew*, it was James' duty

to strictly comply with all portions of A.R.S. § 12-821.01, including the requirement to provide a public entity at least sixty days to consider and respond to a notice of claim. 233 Ariz. at 525–26, ¶¶ 12, 14, 16.

**¶24**    Given James' defective notice of claim, and the passing of 180 days since her cause of action accrued, the superior court did not err in concluding that her claim was statutorily barred and dismissing the same with prejudice. *See* A.R.S. § 12-821.01(A), (B), (E).

**¶25**    Both parties request their reasonable costs incurred on appeal pursuant to A.R.S. § 12-342. As the prevailing party, Appellees are entitled to their taxable costs on appeal upon timely compliance with ARCAP 21.

## CONCLUSION

**¶26**    For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA