**Bruce FERGUSON and Mary Frances Ferguson Collier, Plaintiffs–Appellees,**

v.

**PEOPLES NATIONAL BANK OF La-FOLLETTE, Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 19, 1990.

Kenneth R. Krushenski, Rogers, Hurst, & Krushenski, LaFollette, for defendant-appellant.

Michael G. Hatmaker, Jacksboro, for plaintiffs-appellees.

OPINION

REID, Chief Justice.

This case presents a Rule 11, T.R.A.P., appeal by appellant Bank from the judgment of the Court of Appeals reversing the trial court's summary judgment in favor of the Bank.

The appellant insists the Court of Appeals erred in holding that the suit is not barred by a three-year statute of limitations and that the Court of Appeals incorrectly construed the contract between the parties.

The decision of the Court of Appeals is sustained as to the first issue and reversed as to the second.

*Statute of Limitations*

■ The Court of Appeals properly held that the cause of action alleged is based in contract and the applicable period of limitations is six years. T.C.A. § 28–3–109.

## Construction of Contract

The Fergusons sued the Bank for damages, alleging that the Bank's notice that the interest rate on an indebtedness owed the Bank by the Fergusons would be increased to the current rate constituted a breach of contract. The trial court found that the Bank's notice was in accordance with the terms of the contract between the parties and granted the Bank summary judgment, but the Court of Appeals held there was an irreconcilable conflict between the terms of a renewal note evidencing the indebtedness and the terms of the deed of trust securing the indebtedness and remanded the suit for trial.

The Fergusons obtained a $50,000.00 loan from the Bank for the purpose of constructing a residence. On August 5, 1976, they executed a promissory note and a deed of trust. The terms of the note were: principal sum of $50,000.00, due on demand, interest at 9.5 per cent plus 1 per cent discount. The note contained the notation, "Trust Deed—Const. Ln. Imperial Hgts." The deed of trust conveyed in trust lots in Imperial Heights to secure payment of an indebtedness due the Bank in the principal sum of $50,000.00 evidenced by a promissory note payable on demand. The deed of trust contained the following provision:

> This is a construction loan and it is agreed that when the building begin [sic] constructed is completed that the loan may be renewed as a conventional monthly payment note. This Trust Deed shall cover any renewal of the original demand note, the conventional monthly payment note, and any renewal of either, note or any renewal thereof up to and including $60,000.00. At any time after the 5th anniversary of this note, the interest may be adjusted to the then current rate of interest.

Five months later, on January 5, 1977, the Fergusons executed a second promissory note in the principal sum of $60,000.00, with interest at 9.5 per cent, payable in 179 monthly installments of $625.00. The note contained the following notation: "This note is renewal of note & TD recorded in TD Book 97 page 50 8–10–76 in Register's office of Campbell Co., Tenn." The reference is to the recordation of the deed of trust executed on August 5, 1976. There is no provision in the renewal note regarding adjustments in the interest rate after five years. The August 5, 1976, note was marked "renewed."

Late in 1981, the Bank notified the Fergusons that commencing with the fifth anniversary of the renewal note the interest rate would be increased to the then current rate. The Fergusons paid the loan in full and subsequently filed suit.

The trial court rejected the Fergusons' position that there is an irreconcilable conflict between the instruments creating the obligation and that, therefore, the terms of the contract are set forth in the renewal note exclusively and held that the Bank's increasing the interest rate as provided in the deed of trust was not a breach of contract.

The Court of Appeals held that since the second note "provides for a fixed rate of interest and the deed of trust provides that the interest may be adjusted after the fifth anniversary" there is an irreconcilable conflict between the two instruments. The court then applied the rule that when there is an irreconcilable conflict between the note and the deed of trust the terms of the note control and found that the Bank was not entitled to adjust the interest rate as provided in the deed of trust.

The plain terms of these instruments show the Bank loaned the Fergusons $50,000.00 for the purpose of building a residence in Imperial Heights; the loan was payable on demand with interest at 9.5 per cent per annum (plus a discount fee of 1 per cent); the debt was secured by deed of trust on property owned by the Fergusons in Imperial Heights; and upon completion of construction the Fergusons would have the right to renew and increase the indebtedness to $60,000.00, the renewal would be a "conventional" loan payable in monthly installments, and after the fifth anniversary of the renewal the interest could be adjusted to the then current rate.

The suit is between the original parties to the contract, and the only issue is the construction of that contract. The original note and the deed of trust, the instruments executed when the parties entered into the contract, must be construed together to ascertain the intention of the parties. *Fox v. River Heights,* 22 Tenn.App. 166, 118 S.W.2d 1104 (1938), 55 Am.Jur.2d *Mortgages* § 176, at 303 (1971); 4 S. Williston, *A Treatise on the Law of Contracts* § 628, at 915 (3d ed. 1961).

The generally accepted rule is stated in 55 Am.Jur.2d *Mortgages* § 176, at 303, 304 (1971):

> Although there is contrary authority, it is a widely accepted general rule that a mortgage or deed of trust and a note or bond secured by it are to be deemed parts of one transaction and construed together as such; the provisions of both should be given effect, if possible, and the intention of the parties as determined from an examination of both, not from one separately, must prevail.... Where, however, there is an irreconcilable difference between notes or bonds and mortgages or deeds of trust given to secure them, the former control.

In *Fox v. River Heights, supra,* a suit to foreclose a deed of trust, one of the issues was the applicable state law. The Court of Appeals held:

> We are further of the opinion that the note involved and the trust deed involved must be read and construed together, and that the language of the trust deed limited the application of the New York laws, and as above quoted expresses the intention of the parties with reference to the application of the laws of the State of New York.

118 S.W.2d at 1115–16.

The Court of Appeals undertook to distinguish *Fox v. River Heights, supra,* because the note in that case provided, in formal terms, that the deed of trust was made a part of the note "as if the same was fully incorporated in the body hereof." It appears the only difference between the contract in *Fox* and the renewal note is the formality of language. The provision on the face of the Fergusons' second note that it is a "renewal of note and trust deed recorded in Trust Deed Book 97, p. 58–10–76" shows that the parties were confirming the terms of the original agreement.

The trial court correctly held that adjusting the interest rate after the fifth anniversary of the execution of the renewal note was not a violation of the terms of the contract.

### Conclusion

The judgment of the Court of Appeals is reversed and the judgment of the trial court granting summary judgment and dismissing the suit is reinstated.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.