SUPREME COURT OF ARIZONA
In Division

MARY VIRGINIA SWANSON,      ) Arizona Supreme Court
                            ) No. CV-02-0176-PR
            Plaintiff/Appellee, )
                            ) Court of Appeals
            v.              ) Division Two
                            ) No. 2 CA-CV 01-0069
THE IMAGE BANK, INC., and   )
SWANSTOCK, INC.,            ) Pima County Superior
                            ) Court
        Defendants/Appellants. ) No. C-335655
                            )
                            ) **O P I N I O N**
                            )
_____)


Appeal from the Superior Court of Pima County
No. C-335655
The Honorable Michael Brown, Judge (Retired)

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

_____

Court of Appeals, Division Two
202 Ariz. 226, 43 P.3d 174 (App. 2002)

**AFFIRMED IN PART, VACATED IN PART**

_____

Snell & Wilmer LLP                                      Tucson
     by   Tibor Nagy, Jr.
          Mark E. Konrad
          Wade R. Swanson
Attorneys for Plaintiff/Appellee


Stinson Morrison Hecker LLP                             Phoenix
     by   David A. Selden
          Christine A. Bailey
Attorneys for Defendants/Appellants

_____

**J O N E S, Chief Justice**

¶1    Appellants, The Image Bank, Inc. and Swanstock, Inc. (collectively "TIB"), sought review of the court of appeals' decision affirming the trial court's grant of partial summary judgment in favor of Appellee, Mary Virginia Swanson ("Swanson"). *See Swanson v. Image Bank, Inc., et al.*, 202 Ariz. 226, 43 P.3d 174 (App. 2002). The judgment awarded treble damages under Arizona Revised Statutes ("A.R.S.") § 23-355 (1995) for bad faith breach of an employment contract. We granted review to determine whether the contract's express choice-of-law provision assigning Texas substantive law to govern any controversy arising out of the contract precludes recovery of a statutory claim for treble damages under A.R.S. § 23-355. After full review, we hold that the contractual choice of Texas law governs the remedies available to Swanson for breach of the contract and we reverse the treble damage award. Jurisdiction is established under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12–120.24 (2003).

**FACTS**

¶2    From 1991 to 1997, Swanson owned Swanstock, Inc., an Arizona corporation that represented owners of fine art photography. She resided permanently in Arizona and operated Swanstock, Inc. from this state. The Image Bank, Inc. is a New York corporation with its home office in Texas. In June 1997, The Image Bank purchased Swanstock, Inc. and retained Swanson to operate the company as its president, creative director, and chief executive officer pursuant to a negotiated employment contract.

-2-

The contract contained provisions regarding compensation to be received upon termination and the application of Texas law as the law under which the contract should be governed and construed. Each party was represented by counsel during the contract negotiations.

**¶3**      TIB terminated Swanson in July 1999 "other than for cause" but refused to make the severance payments required by the contract.  Swanson filed suit, followed by a motion for partial summary judgment, alleging breach of the employment contract and claiming TIB violated A.R.S. § 23-352 (1995) which provides that "[n]o employer may withhold or divert any portion of an employee's wages. . . ."  In addition to damages at law for the breach, Swanson sought treble damages pursuant to A.R.S. § 23-355.[1]  The trial court determined that TIB breached the employment contract with Swanson and awarded Swanson $150,000 in severance pay. Notwithstanding the parties' express agreement that Texas law should control, the trial court trebled the damages under § 23-355, finding that the statute set forth a "fundamental public policy" of Arizona and, as such, should supersede the choice-of-law provision in the contract.

**¶4**      TIB appealed on two grounds.  First, the company contended Swanson was not entitled to receive severance pay because

---

[1]      A.R.S. § 23-355 reads:  "If an employer . . . shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages."

she failed to perform her duties and therefore anticipatorily repudiated the contract. The court of appeals disagreed and applied Texas law to this issue, concluding that Swanson's actions did not constitute an anticipatory breach. This court declined review of that issue.

¶5    Second, TIB asserted the treble damage award under § 23-355 was improper and based its argument on the choice-of-law provision requiring the application of Texas law to the contract. The court of appeals, again disagreeing with TIB, applied Restatement (Second) of Conflict of Laws § 187 (1971) (hereafter "Restatement") and upheld the treble damage award on the theory that Arizona law does not permit prospective contractual waiver of claims under § 23-355 in the case of unreasonable, bad-faith withholding of wages. The choice-of-law provision was held to be invalid as a violation of a "fundamental policy" of Arizona under both subsections (1) and (2) of Restatement § 187.

## DISCUSSION

¶6    Arizona courts apply the Restatement to determine the applicable law in a contract action. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992). If a contract includes a specific choice-of-law provision, we must determine whether that choice is "valid and effective" under Restatement § 187. *Id*. at 208, 841 P.2d at 203. Choice-of-law issues are questions of law, which we decide *de novo*. *See Garcia v. General Motors Corp.*, 195 Ariz. 510, 516, ¶19, 990 P.2d 1069,

-4-

1075 (App. 1999).

## A. Applicability of the Restatement

¶7        The choice-of-law provision in the employment contract reads:

> This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, *without regard to the principles of conflicts [sic] of laws*.

(Emphasis added.)  TIB claims this provision forecloses the application of conflict of laws principles set forth in the Restatement because the parties, by including the last phrase, expressed their unequivocal intent that Texas law control the relationship.  TIB argues the court of appeals improperly overrode that intent by engaging in a § 187 analysis.  TIB further contends that absent fraud or overreaching, parties are always free to preclude a § 187 analysis by choosing the state whose law will govern their relationship and the available remedies.  These arguments are not sound and we do not adopt them.[2]

¶8        When more than one state has a relationship to or an interest in a contract, courts apply a conflicts analysis to

---

[2]    TIB cites cases from jurisdictions that have held parties may include language in a choice-of-law provision that precludes the court from performing a § 187 analysis. *See*, *e.g.*, *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 309 (2d Cir. 1994) (enforcing parties' agreement to be bound by choice-of-law provision without regard to conflict of laws principles)*; Proctor & Gamble Co. v. Bankers Trust Co.*, 925 F. Supp. 1270, 1288 (S.D. Ohio 1996) (dismissing Ohio statutory claims because "the inclusion of the phrase 'without reference to the choice-of-law doctrine' forecloses the application of Ohio law"). We reject this approach as unsound and contrary to the intent of Restatement § 187.

determine which state's law should govern. *Cardon,* 173 Ariz. at 207, 641 P.2d at 202 (citing Restatement § 187). However, neither a statute nor a rule of law permitting parties to choose the applicable law confers unfettered freedom to contract at will on this point. *See* Restatement § 187 cmt. d. Consistent with this principle, Restatement § 187, comment g reads:

> Fulfillment of the parties' expectations is not the only value in contract law; regard must also be had for state interests and for state regulation. The chosen law should not be applied without regard for the interests of the state which would be the state of the applicable law with respect to the particular issue involved in the absence of an effective choice by the parties.

Section 187 provides a mechanism by which to balance the interests of both the parties and the states. Therefore, when parties include an express choice-of-law provision in a contract, we will perform a § 187 analysis to ascertain the appropriate balance between the parties' circumstances and the states' interests. By so doing, we determine as a matter of law whether the provision is valid and thus whether it should govern the parties' contractual rights and duties.

**B.    Restatement § 187 Analysis**

¶9      Restatement § 187 outlines the test used to decide whether the parties' chosen law will govern:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even

-6-

if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187(1) & (2).

¶10 In deciding whether the parties' choice will govern, we first determine whether the disputed issue is one which the parties could have resolved by an explicit provision in their agreement. Restatement § 187(1). As identified by the court of appeals, "[t]he 'particular issue' here is whether parties may contractually waive any statutory right or claim to treble damages under § 23-355." *Swanson*, 202 Ariz. at 234, ¶25, 43 P.3d at 182. The parties agree, as do we, that Arizona law applies to this threshold issue. *See* Restatement § 187 cmt. c (the question whether the parties could have resolved a particular issue by explicit agreement directed to that issue is a question to be determined by the local law of the state selected by application of the rule set forth in Restatement § 188).[3]

---

3     Restatement § 188 provides as follows:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of

-7-

¶11    The court of appeals held that Arizona law does not allow parties to an employment contract to preclude such recovery. The court did so on the basis that Arizona law prohibits waiver of the remedy in light of the underlying purposes and goals of Arizona's wage statutes and the legislative objectives sought to be achieved. *Swanson*, 202 Ariz. at 236, ¶36, 43 P.3d at 184. By implication, the court held that unless waiver is expressly permitted by the statute, it is necessarily prohibited. Our analysis, however, leads to the conclusion that the court of appeals erred in its interpretation of Arizona law and the proper application of Restatement § 187.

¶12    First, we do not find support for the court's implicit

---

the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a)  the place of contracting,
(b)  the place of negotiation of the contract,
(c)  the place of performance,
(d)  the location of the subject matter of the contract, and
(e)  the domicile, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203.

holding that an Arizona statute must expressly permit parties to resolve an issue in order to satisfy Restatement § 187(1).  *See Swanson*, 202 Ariz. at 234-35, ¶¶ 26-29, 43 P.3d at 182-83.  We do not interpret § 187(1) so narrowly.  Section 187(1) places few limitations on parties' right to contract.  Examples of issues that parties may not determine by explicit agreement include questions involving capacity, formalities, and validity.  Restatement § 187 cmt. d.  Thus, parties cannot vest themselves with capacity to contract by so stating in an agreement, nor can they dispense with the formal legal elements of a valid contract.  *See id.*  Generally speaking, however, parties do have the power to determine the terms of their contractual engagements.  Restatement § 187 cmt. c.  We find this to be particularly true in this case where parties of relatively equal bargaining power, both represented by counsel, selected the law of the state to govern their contract.

¶13      Second, the plain language of § 23-355 neither expressly nor impliedly prohibits modification or waiver of a statutory remedy.  Typically, when the Arizona Legislature intends to preclude employers and employees from avoiding statutory rights or remedies with an express contractual provision, the statute either prohibits waiver or voids contractual provisions that limit an employee's rights or an employer's liabilities.[4]  Section 23-355

---

[4]      *See*, *e.g.*, A.R.S. §§ 23-328 (1995) (prohibiting payment of unreasonable wages to minors); 23-734 (1995) (prohibiting employee payment of employer contributions required under the Employment Services Chapter); 23-783(A) (Supp. 2002) (prohibiting an assignment, pledge, or encumbrance of the right to benefits that

includes no language of prohibition and gives no indication that the legislature intended to preclude the parties' right as a matter of contract to resolve by express language the damages available upon breach of an employment contract.

¶14　　　Further, we note that under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court. *See Crum v. Maricopa County*, 190 Ariz. 512, 514-15, 950 P.2d 171, 173-74 (App. 1997) (collecting cases in which "Arizona appellate courts have repeatedly and uniformly interpreted the treble damages provision of § 23-355 as discretionary"). When the court, by express direction of the legislature, is given discretion to reject treble damages, it follows that parties to a contract, at least arguably, may likewise exercise discretion to choose a jurisdiction that does not provide for them.

¶15　　　In light of the above, we hold that Arizona statutory law does not preclude parties from agreeing by express contractual provision in a negotiated contract to surrender the right to a

---

are or may become due or payable under the Employment Services Chapter); 23-784 (Supp. 2002) (prohibiting agreements waiving, releasing, or commuting an employee's rights to benefits under the Employment Services Chapter); 23-807(A) (1995) (prohibiting a contract that enables an employer to exempt himself from any liability under Employer's Liability Law); 23-1025(A) (Supp. 2002) (prohibiting an agreement by an employee to waive the employee's rights to compensation under the Worker's Compensation Law); 23-1303(A) (1995) (prohibiting any provision in an agreement that violates the Right to Work article); and 23-1341 (1995) (prohibiting employment agreements from affecting a party's right to join, become, or remain a member of any labor organization or of any organization of employers).

statutory remedy under § 23-355.[5]  Because they may do so by express provision, it follows, under the law, that they may do so by adopting the law of another state.  *See Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 933 (7th Cir. 1996).

¶16     We further hold that the court of appeals erred by collapsing the analysis of subsections (1) and (2)(b) of Restatement § 187 by engaging in a discussion of state policy.  Therefore, because the disputed issue in the instant case is one that the parties were able to resolve pursuant to the express language of § 187(1), we need not address the question whether application of the law of Texas, the state chosen by the contracting parties, would violate a fundamental policy of Arizona.  *See Stromberg*, 77 F.3d at 933 (finding the court does not perform a § 187(2) analysis where § 187(1) applies); *Sheldon v. Munford, Inc.,* 660 F. Supp. 130, 135 (N.D. Ind. 1987) (same); *Armstrong Bus. Servs., Inc. v. H & R Block*, 96 S.W.3d 867, 872-73 (Mo. Ct. App. 2002) (same); *see also Cardon*, 173 Ariz. at 207, 209, 841 P.2d at 202, 204 (declining to apply a § 187(2)(a) analysis where § 187(1) applied).

---

[5]     Unlike many employment relationships, we note that the employment contract in this case is not a contract of adhesion. Neither Swanson nor TIB can be described as unsophisticated or inexperienced in business and commerce, and neither was in need of protection from the other's superior bargaining power.  The contract is a detailed document, negotiated and drafted by competent counsel.  We decline, therefore, to address the result that may have followed had this been a contract of adhesion.  That issue is not raised and is thus not before us today.

**DISPOSITION**

¶**17**      We hold that parties experienced in business, represented by counsel, and having relatively equal bargaining strength, may, by express provision in a negotiated contract, surrender the statutory remedy under A.R.S. § 23-355.  We therefore validate and give effect to the parties' choice of Texas law to govern this controversy.  Accordingly, that portion of the court of appeals' opinion addressing the treble damage award is vacated and the matter is remanded to the superior court for further proceedings consistent with this opinion.

¶**18**      The request for attorneys' fees in this court set forth in appellee Swanson's Response to Petition for Review is denied.

_____
                                 Charles E. Jones, Chief Justice
CONCURRING:


_____
Ruth V. McGregor, Vice Chief Justice


_____
Michael D. Ryan, Justice

-12-