NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID D. AUSTIN; SHAWN P. BAGGS; JASON B. BARNES; KEITH R. BENJAMIN; JESUS G. BOGGS; JAMES A. BRUGGEMAN; MICHAEL E. COLVIN; CHRISTOPHER R. COOPER; CHARLES C. COTE; JOHN L. DURHAM; CHRISTOPHER A. FARRAR; TRAVIS J. FEYEN; MARK J. FRANZEN; MARK T. GLUZINSKI; KYLE F. GOERNDT; DANIEL C. GREENE; ALLEN S. HANCOCK; SCOTT A. HEDGES; MICHAEL R. HEIKES; KURT P. HOUSER; GREGORY L. HOWARTH; RAYMOND J. KIEFFER; SCOTT S. KIRKPATRICK; CHRISTOPHER E. KUSH; DEAN A. LAVERGNE; THOMAS B. LOVEJOY; BRIAN L. LUTT; RANDLE L. MEEKER; GARY J. MINOR; WILLIAM E. MULLIKEN; JEFFREY A. NICHOLS; WILLIAM L. NOCELLA; JEFFREY R. OKONOWSKI; JEFFREY L. PEHLKE; SCOTT A. PICQUET; BRIAN D. POTTER; WALTER D. RAMER; PETER A. ROWTON; ARTURO J. SALAZAR; SUSAN C. SCHILLING; DOUGLAS L. SCHOLZ; DANIEL W. STOUT; SUNDRA A. WILKINS; and PATRICK ORMEROD, *Plaintiffs/Appellants/Cross-Appellees*,

*v.*

CITY OF CHANDLER, *Defendant/Appellee/Cross-Appellant*.

No. 1 CA-CV 14-0476
FILED 9-8-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-002134
The Honorable Katherine M. Cooper, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Robaina & Kresin, PLLC, Phoenix
By David C. Kresin
*Counsel for Plaintiffs/Appellants/Cross-Appellees*

Ryley Carlock & Applewhite, PA, Phoenix
By Michael D. Moberly, John M. Fry
*Counsel for Defendant/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Maurice Portley and Judge Lawrence F. Winthrop joined.

---

**C A T T A N I**, Judge:

¶1 A group of City of Chandler Police Department sergeants (the "Sergeants") appeal from the superior court's decision granting the City of Chandler judgment on the pleadings on the Sergeants' claim for additional compensation under a collective-bargaining agreement. The City cross-appeals from the denial of its request for an award of attorney's fees. For reasons that follow, we affirm the judgment against the Sergeants, but vacate the denial of attorney's fees and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 The Sergeants are a group of current and former police sergeants of the City's police department. The relationship between the City and the Sergeants is governed, as relevant here, by a collective-bargaining agreement: the Memorandum of Understanding ("MOU") for July 1, 2011 to June 30, 2013.

¶3 The MOU provided for an administrative dispute resolution procedure that applies to sergeants' grievances arising from the terms and conditions of the MOU. *See Mullenaux v. Graham County*, 207 Ariz. 1, 5, ¶ 14, 82 P.3d 362, 366 (App. 2004). Under the MOU, a "grievance" was defined as an allegation of "violation(s) of the specific express terms of this Memorandum for which there is no Merit Board appeal or other specific method of review provided by State or City law." The procedure involved

submitting a written grievance to three levels of supervisors in turn, then, if not resolved, to arbitration; after arbitration, the City Manager would make a final determination based on the findings and advisory recommendations of the arbitrator.

¶4 The MOU also provided, in addition to other terms regarding compensation, that all sergeants would receive a one-time reverse fiscal crisis payment calculated as a prorated share of the City's excess General Fund operating revenues in fiscal year 2011–12. The Sergeants allege that the City paid each of them $1,301 less than the amount to which they were entitled as a reverse fiscal crisis payment.

¶5 The Sergeants did not invoke the MOU's grievance procedure, but rather filed a complaint in superior court alleging that the reverse fiscal crisis payment constituted "wages" and that the City had "wrongfully withheld" $1,301 from each of them, and seeking treble damages for this alleged violation of Arizona's Wage Act. *See* Ariz. Rev. Stat. ("A.R.S.") § 23-355(A).[1] After answering the complaint, the City moved for judgment on the pleadings, asserting that the MOU's grievance procedure provided the exclusive forum to address the Sergeants' claim, precluding the Sergeants' civil lawsuit.

¶6 After briefing and argument, the superior court granted the City's motion and dismissed the Sergeants' claim, concluding that the claim was subject to the MOU's grievance procedure and that the Sergeants' failure to exhaust the grievance procedure barred the lawsuit. The court denied the City's request for attorney's fees, however, reasoning that the City had been adequately compensated by an award of attorney's fees in a different case; in the other, concurrent lawsuit, a different group of police officers presented a comparable claim for a reverse fiscal crisis payment based on a comparable MOU provision, and the City was represented by the same law firm and offered the same argument and authority in defense.

¶7 The Sergeants timely appealed, and the City timely cross-appealed from the denial of fees. We have jurisdiction under A.R.S. § 12-2101(A)(1).

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

## DISCUSSION

### I.  Judgment on the Pleadings.

¶8          A motion for judgment on the pleadings is appropriately granted if the complaint fails to set forth a claim for which relief can be granted. *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218, ¶6, 165 P.3d 194, 196 (App. 2007).  We assume the truth of the complaint's factual allegations, and consider de novo the legal conclusions reached by the superior court. *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8, 300 P.3d 907, 908 (App. 2013) (as amended).  We similarly review de novo matters of contract interpretation, including the interpretation of alternative dispute resolution provisions. *Weatherguard Roofing Co. v. D.R. Ward Constr. Co.*, 214 Ariz. 344, 346 n.4, ¶ 7, 152 P.3d 1227, 1229 n.4 (App. 2007).

¶9          First, the Sergeants argue the superior court erred because their reverse fiscal crisis payment claim was not a "grievance" as defined by the MOU.  They note that a grievance under the MOU is an alleged violation of the MOU's express terms "for which there is no . . . other specific method of review provided by State [] law," and contend that the Wage Act provides another specific method of review by authorizing the state labor department to investigate an employee's claim for unpaid wages. *See* A.R.S. § 23-356 to -360.

¶10          Even assuming that investigation by the labor department is a type of "specific method of review" that would remove a wage claim from the MOU's definition of grievance, this at most establishes that the Sergeants could have pursued administrative investigation by the labor department.  The MOU's definition contemplates only two tracks: a grievance (to be resolved through the contractual grievance procedure) or an allegation subject to another "specific method of review" (to be resolved through the specified method).  The Sergeants did not invoke that arguably permissible method of review, however, and instead filed a civil complaint in superior court.[2]  Accordingly, even accepting the Sergeants' position, judgment on the pleadings was appropriate.

---

[2]          We note that administrative review is no longer available; administrative investigation of a wage claim is only authorized if the employee files the claim with the labor department within one year after the claim accrues. *See* A.R.S. § 23-356(A); *see also* A.R.S. § 23-357(A) (mandating that the labor department investigate *timely filed* wage claims).

¶11 The Sergeants alternatively argue that even if the wage claim is a grievance within the MOU's definition, the superior court erred because the complaint presents a statutory Wage Act claim, and the Sergeants did not clearly and unmistakably waive their right to present that claim in a judicial forum. The Sergeants rely on *Wright v. Universal Maritime Service Corp.*, which held that waiver of a judicial forum for a statutorily created cause of action (there, an employment discrimination claim under the Americans with Disabilities Act) in a union-negotiated contract must be "clear and unmistakable" to be enforceable. 525 U.S. 70, 80 (1998); *see also 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 259 (2009) (citing *Wright*, 525 U.S. at 80, for the proposition that an agreement to arbitrate statutory antidiscrimination claims must be explicitly stated in the collective-bargaining agreement).

¶12 The Sergeants' reliance on *Wright* is misplaced, however, because they are not asserting a statutory cause of action, but rather one premised on a breach of contract. The Wage Act offers an enhanced remedy of treble damages if an employer wrongfully withholds an employee's wages. A.R.S. § 23-355(A); *see also* A.R.S. § 23-352 (describing justifications for withholding wages). It does not, however, create an independent right to receive wages in the first instance; rather, the employee must have some other, generally contractual, right to compensation for labor or services. *See Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 268, ¶¶ 13, 15, 77 P.3d 439, 443 (2003) (characterizing § 23-355's treble damages provision as "the damages available upon breach of an employment contract"); *Schade v. Diethrich*, 158 Ariz. 1, 11, 15, 760 P.2d 1050, 1060, 1064 (1988) (assessing entitlement to treble damages under § 23-355 on basis of employer's breach of enforceable contract, and awarding attorney's fees under § 12-341.01 as an action arising out of contract); *see also* A.R.S. 23-350(6) (defining "wages").

¶13 Nor does the Wage Act itself expressly or impliedly preclude waiver of a judicial forum. *See Swanson*, 206 Ariz. at 268, ¶ 13, 77 P.3d at 443 (stating that plain language of § 23-355 does not prohibit waiver of the statutory remedy); *see also Pyett*, 556 U.S. at 259 (stating that an agreement to arbitrate even a statutory claim should generally be enforced absent legislative intent to preclude waiver of a judicial forum). Because the Sergeants' claim is based on a contractual rather than a statutorily-created right, *Wright*'s "clear and unmistakable" requirement is inapposite. *Cf. Wright*, 525 U.S. at 77–78 (describing the "principal rationale" justifying a

___

The Sergeants' claim thus fails either as a grievance (for failure to pursue the grievance procedures) or as a wage claim subject to investigation by the labor department (for failure to timely file a claim under A.R.S. § 23-356(A)).

presumption of arbitrability under the Labor Management Relations Act as "that arbitrators are in a better position than courts *to interpret the terms of a [collective-bargaining agreement]*") (emphasis in original); *Cipolla v. R.I. Coll.*, 742 A.2d 277, 281–82 (R.I. 1999) (distinguishing between waiver of judicial forum for federal statutory antidiscrimination cause of action at issue in *Wright* as compared to agreement to arbitrate a term or condition of employment created by the collective-bargaining agreement itself).

¶14　　　Moreover, the MOU did not waive the Wage Act's substantive authorization of a discretionary treble damages remedy—the MOU in fact specified that "[t]he arbitrator shall be bound by applicable State and City law"—but rather specified a non-judicial forum in which to assert entitlement to compensation for wrongfully withheld wages. Although the Sergeants now maintain that the grievance procedure is fundamentally unfair because the City Manager renders the final decision, they negotiated the MOU through their collective-bargaining representative and freely entered the agreement, and they have not offered any substantive basis that would call into question the validity of their agreement to an alternative forum for dispute resolution. *See, e.g.,* A.R.S. § 12-3006(A).

¶15　　　Accordingly, the superior court did not err by granting the City's motion for judgment on the pleadings and dismissing the Sergeants' claim with prejudice.

## II.　　Attorney's Fees in Superior Court.

¶16　　　We review an attorney's fees award for an abuse of discretion. *City of Tempe v. State*, 237 Ariz. 360, 367, ¶ 28, 351 P.3d 367, 374 (App. 2015).

¶17　　　The superior court denied the City's request for attorney's fees on the basis that an attorney's fees award in a different (although substantially similar) case adequately compensated the City for reasonable fees expended in this case as well. The other case—filed against the City by a different group of police officers a few months after this case and resolved a few months before this case—presented a comparable claim for a greater reverse fiscal crisis payment under a comparable term of a collective-bargaining agreement, and the City defended (and was granted judgment on the pleadings) on the same basis through the same attorneys. *See generally Justus v. City of Chandler*, CV2031-009483 (Maricopa Cnty. Super. Ct.). In *Justus,* the court granted the City a reduced attorney's fees award of $25,000.

¶18 The City contends that the superior court erred by denying its request for attorney's fees in its entirety. The City does not argue that it was improper for the court to consider the award in *Justus*, but rather that the court erred by concluding that the fee award in *Justus* adequately compensated the City for all legal work performed in this case.

¶19 In denying the fee request in its entirety, the superior court noted that "[the City's] time entries for this case fail to identify legal services specific to this case, for example, a review of documents relating to the plaintiff sergeants in this case. While there may have been time spent in this case but not in [*Justus*], the billing records do not identify such time." The City's itemized statement of fees, however, reflects over 50 separate billing entries predating the July 8, 2013 filing of *Justus* (although certain entries predating *Justus* may nevertheless have been duplicated in the later-filed case). And certain other billing entries reflect work—for instance, answering the complaint, initial disclosure, correspondence with the Sergeants' counsel, and oral argument on the motion—that would have been necessary regardless of time spent in handling the *Justus* case.

¶20 Accordingly, we vacate the denial of the City's request for attorney's fees and remand for the limited purpose of reconsidering fees expended that do not overlap work performed in *Justus*. On remand, the superior court may consider the reasonableness of these non-overlapping fees as it would any other fee request and adjust the resulting award accordingly.

## III. Attorney's Fees on Appeal.

¶21 The Sergeants and the City both request an award of attorney's fees on appeal under A.R.S. § 12-341.01. We deny the Sergeants' request for fees both because they have not prevailed on appeal and because they failed to request fees in the pleadings in superior court. *Cf. Robert E. Mann Constr. Co. v. Liebert Corp.*, 204 Ariz. 129, 60 P.3d 708 (App. 2003) (failure to request trial or appellate fees on appeal precluded award on remand). In an exercise of our discretion, we award the City its reasonable attorney's fees upon compliance with ARCAP 21. As the prevailing party, the City is entitled to its costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶22**    For the foregoing reasons, we affirm the dismissal of the Sergeants' claims, but vacate the superior court's denial of the City's attorney's fees request and remand for calculation of any such award.



Ruth A. Willingham · Clerk of the Court
FILED: ama