NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RHONDA BROOKS, *Plaintiff/Appellant*,

*v.*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Defendant/Appellee*.

No. 1 CA-CV 25-0767

FILED 05-22-2026

Appeal from the Superior Court in Maricopa County
No.  CV2023-015814
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Law Office Of Richard A. Gullette, Phoenix
By Richard A. Gullette
*Counsel for Plaintiff/Appellant*

Hill, Hall, Stark & Ferraro, PLC, Scottsdale
By Joel DeCiancio, Christopher Robbins
*Counsel for Defendant/Appellee*

—————————————————

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

—————————————————

**M O R S E**, Judge:

¶1        Rhonda Brooks appeals the denial of her motion for summary judgment and the grant of summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm") in an action seeking a declaration that Arizona law governs an auto insurance policy purchased in South Dakota but involving an accident that occurred in Arizona. For the reasons discussed below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        At least as early as 2010, South Dakota residents Ron and Irma Hettich began spending about five months of the year (November to March) at their mobile home in Arizona. In 2017, the Hettiches bought, titled, and registered a Chrysler Pacifica in South Dakota. They also purchased an auto liability insurance policy from a South Dakota State Farm agency and renewed the policy biannually from 2018 to 2021, always using their South Dakota address to determine the rate. The insurance agent knew about the Hettiches' Arizona property, but the policy listed the Hettiches' South Dakota address, did not indicate multiple homes, and charged a rate based on the South Dakota residential address.

¶3        The Hettiches' policy included Underinsured Motorist ("UIM") coverage with $100,000/$300,000 limits and a "Choice of Law" provision, designating "the law of the state of: South Dakota will control . . . in the event of any disagreement as to the interpretation and application of any provision in this policy." The policy further included a "Limits" provision, reducing the availability of UIM coverage by the amount of recovery from liable tortfeasors.

¶4        In March 2022, the Hettiches sustained fatal injuries in a vehicle collision in Arizona. Brooks, as the surviving child and statutory beneficiaries' representative, collected $550,000 from the tortfeasor's liability carriers—an amount exceeding the State Farm policy's limits. State

Farm denied a subsequent UIM claim, citing South Dakota law and the policy's choice-of-law provision.

**¶5**　　　　Brooks brought the current action for declaratory relief, seeking to establish that Arizona substantive law controls the interpretation of the policy. The relevant Arizona statute allows "stacking"—UIM coverage applies to "total damages exceed[ing] the total applicable liability limits." A.R.S. § 20-259.01(G). The corresponding South Dakota statute limits UIM coverage to the "underinsured motorist coverage limits on the vehicle of the party recovering less the amount paid by the liability insurer of the party recovered against." S.D. Codified Laws § 58-11-9.5.

**¶6**　　　　On cross-motions for summary judgment, the parties stipulated to the underlying facts and agreed only a question of law remained—which state's law controls. The superior court found that the South Dakota choice-of-law provision should be given full effect, consistent with the Restatement (Second) Conflicts of Laws ("the Restatement") Section 187. The court then granted State Farm's motion and denied Brooks's. Brooks timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**　　　　Brooks raises two issues on appeal: (1) whether Section 193 of the Restatement applies, instead of Section 187, to reviewing choice-of-law issues in a standardized auto policy, and (2) whether a choice-of-law provision in a standardized auto policy overrides the principles in Section 193.

**¶8**　　　　"We review a grant of summary judgment de novo." *Teufel v. Am. Fam. Mut. Ins. Co.*, 244 Ariz. 383, 385, ¶ 10 (2018). And we may affirm a summary judgment grant if correct for any reason supported by the record. *Wagner v. Ariz. Mun. Risk Retention Pool*, --- Ariz. ---, ---, ¶ 18, 585 P.3d 816, 822 (App. 2026). Choice-of-law issues are questions of law, which we also review de novo. *Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 266, ¶ 6 (2003). Arizona has adopted the Restatement as a guide in resolving choice-of-law questions in contract disputes. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 206 (1992).

**¶9**　　　　Brooks argues that choice-of-law provisions in an auto policy must be tested solely under Section 193 "Contracts of Fire, Surety or Casualty Insurance" because of the contract's adhesive nature and the disparate bargaining power among the parties. We have applied Section 187 to contracts with choice-of-law provisions. *Swanson*, 206 Ariz. at 266–

67, ¶ 8. And we have applied Section 193 to an auto insurance policy lacking a choice-of-law provision. *Beckler v. State Farm Mut. Auto. Ins. Co.*, 195 Ariz. 282, 286–87, ¶¶ 13–23 (App. 1999). Brooks argues that Section 187 does not control and she is entitled to relief under Section 193. So, we first analyze Section 193 to determine whether it points to Arizona or South Dakota law.

¶10 Section 193 provides that we apply "the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties," as guided by the principles outlined in Section 6. Restatement (Second) of Conflict of Laws § 193 (1971).

¶11 Section 193 accounts for the disparate bargaining power and adhesiveness inherent in an auto insurance contract and suggests that choice-of-law provisions may not control if they reduce the insured's protections. *See* Restatement (Second) of Conflict of Laws § 193 cmt. e (1971) (citing Section 192 cmt. e). But it also establishes that the primary consideration is where the insured car "will be during at least the major portion of the insurance period," because that information is known by the parties in advance and affects policy terms and costs. *See* Restatement (Second) of Conflict of Laws § 193 cmts. b and c (1971); *Beckler*, 195 Ariz. at 287, ¶¶ 24–25 (stating that we must look at the principal location of the insured vehicle because that is the "principal location of the insured risk").

¶12 Here, those factors favor South Dakota—the Hettiches purchased, titled, and registered the car in South Dakota; purchased the policy in South Dakota from a South Dakota agent; the policy established the renewal rates based on the South Dakota residence; and the Hettiches garaged the car for most of the year (seven months) in South Dakota. Brooks also acknowledged that the Hettiches' primary property residence was in South Dakota at the time of their passing. And the insurance agent testified that while he likely learned about the Hettiches' habit of spending winters in Arizona at some point, it did not factor into determining insurance coverage at the time of purchase, because that information would have been more relevant to the purchase of a separate umbrella policy. This is different from the situation in *Beckler*, where the Nebraska-issued auto policy covered a vehicle all parties knew would be driven in Arizona for nine months out of the year. 195 Ariz. at 287, ¶ 25.

¶13 On these facts, Section 193 establishes the principal location of risk as South Dakota, so South Dakota law must control, unless Arizona has a more significant relationship to the transaction or the parties under

Section 6 of the Restatement. Restatement (Second) of Conflict of Laws § 193 (1971).

¶14 Section 6 provides a series of factors that account for the relevant policies and interests of the relevant states, the justified expectations of the parties, and the predictable and uniform application of the basic principles underlying different areas of law. *See* Restatement (Second) of Conflict of Laws § 6(2)(a)–(g) (1971). And it also acknowledges the fact-intensive nature of the inquiry when applied to contracts. Restatement (Second) of Conflict of Laws § 6 cmt. c (1971). For the following reasons, we cannot conclude the accident location trumps the other factors: parties are free to choose the law that governs the validity of their contract with very few limitations, *id.* cmt. g; South Dakota was the principal location of the risk; the parties contracted in South Dakota; and they expected South Dakota law would control, *see Moore v. Montes*, 22 Ariz. App. 562, 565–67 (1974) (applying Arizona law for an accident in Mexico where the Restatement factors outweighed the "clearly fortuitous circumstance that the accident occurred in Mexico with a Mexican citizen and resident at the wheel").

¶15 Because we conclude that under Section 193 South Dakota law should apply, we need not engage with the parties' arguments regarding Section 187. Therefore, Brooks has not shown the superior court erred in denying her motion for summary judgment and granting summary judgment to State Farm.

## CONCLUSION

¶16 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR